# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Debra Wolfe, as Personal Representative for the Estate of Colene Antley, | C.A. No. 2:25-cv-06148-DCN |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Lake Moultrie Health & Rehab, Clarendon Hospital District d/b/a Southern Senior Living, and JoAnn Driggers, | (JURY TRIAL DEMANDED) |
| Defendants. | |

Introduction

This is a civil rights action brought under 42 U.S.C. § 1983 to redress the violations of federally protected rights under the Federal Nursing Home Reform Act ("FNHRA"), 42 U.S.C. § 1396r, resulting in the wrongful death of Colene Antley, a vulnerable nursing home resident who suffered multiple preventable falls due to Defendants' repeated failure to implement her care plan and provide necessary fall prevention measures. Plaintiff Debra Wolfe, as Personal Representative for the Estate of Colene Antley, complaining of Defendant Lake Moultrie Health and Rehab ("Defendant Lake Moultrie"), Defendant Clarendon Hospital District d/b/a Southern Senior Living ("Defendant Clarendon") and Defendant JoAnn Driggers ("Defendant Driggers") (collectively hereinafter "Defendants"), alleges as follows:

1. Plaintiff is a citizen and resident of Berkeley County, State of South Carolina.

2. Plaintiff is the daughter of decedent Colene Antley and is the duly appointed Personal Representative for the Estate of Colene Antley by the Berkeley County Probate Court.

3. Upon information and belief, Defendant Lake Moultrie Health and Rehab is a business corporation organized and existing pursuant to the laws of the State of South Carolina, which conducts business in Berkeley County, South Carolina at 1038 McGill Lane, St. Stephen, South Carolina.

4. Defendant Lake Moultrie is a governmental agency and/or subdivision of the State of South

1

Carolina, existing under the laws of the State of Carolina as defined by S.C. Code § 15-78-10; and therefore, is a publicly operated nursing home facility certified to receive Medicaid funding, and as such, is a state actor within the meaning of 42 U.S.C. § 1983. At all times hereinafter mentioned in this Complaint, Defendant Lake Moultrie's agents, servants, and/or employees were operating within the scope of their officially assigned and/or compensated duties.

5. Upon information and belief, Defendant Clarendon Hospital District d/b/a Southern Senior Living is a business corporation organized and existing pursuant to the laws of the State of South Carolina, which conducts business in Berkeley County, South Carolina at 1038 McGill Lane, St. Stephen, South Carolina.

6. Defendant Clarendon is a governmental agencies and/or subdivisions of the State of South Carolina, existing under the laws of the State of South Carolina as defined by S.C. Code § 15-78-10; and therefore, is a publicly operated facility certified to receive Medicaid funding, and as such, is a state actor within the meaning of 42 U.S.C. § 1983. At all times hereinafter mentioned in this Complaint, Defendant Clarendon owned, operated, and/or governed Defendant Lake Moultrie and acted and carried on its business by and through its agents, servants, and/or employees, to include working within Defendant Lake Moultrie's facility. Additionally, during this time period set out in the Complaint, these employees were operating within the scope of their officially assigned and/or compensated duties.

7. Upon information and belief, Defendant Driggers is a citizen and resident of Berkeley County, State of South Carolina. At all times relevant herein, Defendant Driggers was acting within the scope of her duties as administrator of Defendant Lake Moultrie and under the color of state law. Defendant Driggers is being sued in her individual capacity for compensatory and punitive damages pursuant to 42 U.S.C. § 1983.

8. Defendants had the right and/or power to direct and control its employees and/or agents in the business of delivering care for a fee through skilled nursing facilities and they are personally, jointly and severally liable for the acts and omissions committed.

9. Defendants delivered care for a fee and had authority, express or implied, to control the means and agents employed to execute care at Defendant Lake Moultrie's facilities at all times during the

2

residency of Colene Antley.

10. Defendants deprived and/or conspired to deprive decedent Colene Antley of rights secured under the Omnibus Budget Reconciliation Act of 1987 ("OBRA"), the Federal Nursing Home Reform Act ("FNHRA"), 42 U.S.C. § 1396, et seq., the Federal Nursing Home Regulations found in 42 C.F.R. Sec. 483, and the Constitution of the United States of America, under color of state law, pursuant to 42 U.S.C. § 1983.

11. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) as this action arises under federal law.

12. The acts and occurrences which give rise to this action occurred while the decedent was in the care and custody of Defendants at Defendant Lake Moultrie's facility, and venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

13. Plaintiff is informed and believes that at all times material to this Complaint the Defendants' employees and/or agents were acting on behalf of or, in place of Defendants in making decisions regarding the care of Colene Antley. Additionally, Plaintiff is informed and believes that at all times material to this Complaint that all of the employees of Defendants were acting within the course and scope of their employment in regard to their care and treatment of Colene Antley.

14. On the application for the license in effect at the time of Colene Antley's injury, Lake Moultrie Health and Rehab, being sworn under oath, acknowledged that it was required to comply with the standards set forth in state and federal regulations and further understood in order to maintain a license to operate, it was required to comply with applicable state, federal, and local laws, codes, and regulations applicable to the facility prior to Colene Antley's injury.

15. Colene Antley was admitted to Defendants' facility, Lake Moultrie Health and Rehab, on or about September 2022.

16. Upon admission, facility staff conducted an assessment and identified Colene Antley as being at high risk for falls due to dementia, abnormalities of gait and mobility, and diabetes with underlying

3

complications.

17.     In accordance with federal law, the facility developed a comprehensive care plan, which included specific fall prevention interventions.

18.     Despite these mandated measures, Defendants repeatedly failed to implement or follow the care plan, and documented fall interventions were ignored or omitted.

19.     Further at the time of her admission, Colene Antley did not have any pressure ulcers, bed sores, or skin breakdowns.

20.     While at the facility, Ms. Antley was allowed to suffer from numerous falls that required emergency medical services and/or hospital stays.

21.     On or about January 26, 2023, Ms. Antley was allowed to suffer a fall which resulted in injuries and required emergency medical treatment.

22.     Upon reentry to Defendants' facility after the January 2023 fall, Defendant Driggers, individually and in her capacity as administrator of Defendants' facility, intentionally and/or with deliberate indifference failed to address Colene Antley's risk factors in accordance with her care plan and facility intentionally and/or with deliberate indifference failed to plan, develop, or implement any necessary interventions to present or minimize those risks as well as others.

23.     As a result of Defendants' intentional and/or deliberate indifference of the risk factors for Colene Antley, including but not limited, to her fall risk after the January 2023 incident, Defendants intentionally and/or with deliberate indifference failed to plan, develop, or implement any necessary interventions to present or minimize those risks as well as others.

24.     On or about April 1, 2023, Ms. Antley was allowed to suffer yet another fall which resulted in injuries, including but not limited to a closed displaced fracture of the left femur, which required hospital admission.

25.     In hospital admission, Ms. Antley was also found to be suffering from pressure ulcers, bed sores, and/or skin breakdowns, which were intentionally and/or with deliberate indifference ignored by

4

agents, staff, and/or employees of Defendants and Defendant Driggers, individually and in her capacity as administrator of Defendants' facility.

26.     Colene Antley subsequently passed away on June 11, 2023.

27.     Prior to her death, Colene Antley's care plan did not address her relevant care needs and/or was not implemented and/or was not revised as her symptoms and medical issues developed and/or worsened.

28.     As a result of Defendants' intentional and/or deliberate indifference of the risk factors for Colene Antley, including but not limited, to her fall risks and development of pressure ulcers, bed sores, or skin breakdowns, Defendants intentionally and/or with deliberate indifference failed to plan, develop, or implement any necessary interventions to present or minimize those risks as well as others.

29.     Defendants had actual and repeated notice of Colene Antley's fall risk and prior incidents but intentionally and/or with deliberate indifference failed to correct deficiencies or ensure compliance with the care plan.

30.     Defendant Driggers, individually and her capacity as administrator of Defendants' facility, spoke with Plaintiff on multiple occasions, specifically between January 2023 and May 2023, regarding false assurances of care and intentionally and/or with a deliberate indifference to Colene Antley's care, failed to complete, implement, or follow through with Colene Antley's care.

31.     These failures constitute a violation of clearly established rights under the FNHRA, including but not limited to:

      a.  The right to services "to attain or maintain the highest practicable physical, mental, and psychosocial well-being, pursuant to 42 U.S.C. § 1396r(b)(1)(A) and

      b.  The right to have a comprehensive care plan that is implemented and followed, pursuant to 42 U.S.C. § 1396r(b)(2).

32.     These rights are specific, mandatory, and enforceable under 42 U.S.C. § 1983.

33.     At all times herein, these Defendants, their agents, and employees owed a duty not to

5

violate the federally protected legal rights of any resident and had a duty to comply with all provisions of the Omnibus Budget Reconciliation Act of 1987 / FNHRA, 42 U.S.C. §§ 1396r, 1396a(w) incorporated by 42 U.S.C. § 1396(r) and the implementing regulations found at 42 C.F.R. § 483, *et seq*.

34. The above-noted statutes and regulations are designed and intended to protect persons such as Colene Antley, who are residing in facilities such as Lake Moultrie Health & Rehab.

35. The above-noted statutes and regulations are designed and intended to protect persons such as Colene Antley against the hazards she encountered and the harm she suffered while residing at Lake Moultrie Health & Rehab.

FOR A FIRST CAUSE OF ACTION
(Deprivation of Civil Rights Enforceable through 42 USC 1983 – wrongful death)

36. Plaintiff realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

37. At all relevant times herein, Colene Antley was entitled to federal statutory rights under the FNHRA.

38. Defendants are agents of the State of South Carolina, and at all times relevant to this Complaint were acting within the color of state law.

39. Defendants are bound generally by the 1987 Omnibus Budget Reconciliation Act (OBRA) and the Federal Nursing Home Reform Act (FNHRA) which was contained within the 1987 OBRA.

40. The specific detailed regulatory provisions as well as the statutes in question clearly and unambiguously create rights enforceable pursuant to 42 U.S.C. § 1983.

41. Defendants' actions, individually and/or collectively and acting under the color of state law, knowingly and deliberately and in derogation of the above statute and regulations have deprived Colene Antley of those rights and failed to comply with the statute and regulations as follows:

    a. By failing, as custom and policy, and with intent and/or deliberate indifference to care for patients, including Colene Antley, in a manner that promoted maintenance or

6

      enhancement of her life, as required by 42 C.F.R. § 483.15 and 42 U.S.C. § 1396r(b)(1)(A);

b. By specifically, intentionally, and/or with deliberate indifference failing to care for Colene Antley in a manner that promoted maintenance or enhancement of her life, as required by 42 C.F.R. § 483.15 and 42 U.S.C. § 1396r(b)(1)(A);

c. By failing, as a custom and policy, and with intent and/or deliberate indifference to promote the care of patients, including Colene Antley, in a manner and in an environment that maintained or enhanced their dignity as required by 42 C.F.R. § 483.15 and 42 U.S.C. § 1396r(b)(1)(A);

d. By specifically, intentionally, and/or with deliberate indifference failing to promote the care Colene Antley in a manner and in an environment that maintained or enhanced their dignity as required by 42 C.F.R. § 483.15 and 42 U.S.C. § 1396r(b)(1)(A);

e. By failing, as a custom and policy, and with intent and/or deliberate indifference to develop a comprehensive care plan for patients, including Colene Antley, as required by 42 C.F.R. § 483.15 and 42 U.S.C. § 1396r(b)(1)(A);

f. By specifically, intentionally, and/or with deliberate indifference failing to develop a comprehensive care plan for Colene Antley, as required by 42 C.F.R. § 483.15 and 42 U.S.C. § 1396r(b)(1)(A);

g. By failing, as a custom and policy, and with intent and/or deliberate indifference to provide patients, including Colene Antley, the necessary care and services to allow her attain or maintain the highest, practicable physical, mental and psychosocial well-being, as required by 42 C.F.R. § 483.15 and 42 U.S.C. § 1396r(b)(1)(A);

h. By specifically, intentionally, and/or with deliberate indifference failing to provide Colene Antley the necessary care and services to allow her attain or maintain the highest, practicable physical, mental and psychosocial well-being, as required by 42 C.F.R. §

7

483.15 and 42 U.S.C. § 1396r(b)(1)(A);

i. By failing, as a custom and policy, and with intent and/or deliberate indifference to periodically review and revise a patient or resident's written plan of care by an interdisciplinary team after each of the resident or patient's assessments as described within 42 U.S.C. § 1396r(b)(3)(A) as required by § 1396(r)(b)(2)(C);

j. By specifically, intentionally, and/or with deliberate indifference failing to periodically review and revise Colene Antley's written plan of care by an interdisciplinary team after her assessments as described within 42 U.S.C. § 1396r(b)(3)(A) as required by § 1396(r)(b)(2)(C);

k. By failing, as a custom and policy, and with intent and/or deliberate indifference to conduct an assessment of a patient or resident, such as Colene Antley, as per 42 U.S.C. § 1396(r)(b)(3)(A), promptly after a significant change in the resident's physical or mental condition, as required by 42 U.S.C. § 1396(r)(b)(3)(C)(i)(ii);

l. By specifically, intentionally, and/or with deliberate indifference failing to conduct an assessment of Colene Antley, as per 42 U.S.C. § 1396(r)(b)(3)(A), promptly after a significant change in her physical or mental condition, as required by 42 U.S.C. § 1396(r)(b)(3)(C)(i)(ii);

m. By failing, as a custom and policy, and with intent and/or deliberate indifference to use the results of the assessments required as described above in developing, reviewing, and revising the resident's plan of care such as Colene Antley, as required by 42 U.S.C. § 1396(r)(b)(3)(D);

n. By specifically, intentionally, and/or with deliberate indifference failing to use the results of the assessments required as described above in developing, reviewing, and revising Colene Antley's plan of care, as required by 42 U.S.C. § 1396(r)(b)(3)(D);

o. By failing, as a custom and policy, and with intent and/or deliberate indifference to

8

  ensure that patients or residents including Colene Antley were provided medically related social services to attain or maintain the highest practicable physical, mental, and psychosocial well-being as required by 42 C.F.R. § 483.25 and 42 U.S.C. § 1396(r)b)(4)(ii);

p. By specifically, intentionally, and/or with deliberate indifference failing to ensure that Colene Antley was provided medically related social services to attain or maintain the highest practicable physical, mental, and psychosocial well-being as required by 42 C.F.R. § 483.25 and 42 U.S.C. § 1396(r)b)(4)(ii);

q. By failing, as a custom and policy, and with intent and/or deliberate indifference to ensure that an ongoing program, directed by a qualified professional, of activities designed to meet the interests and the physical, mental, and psychosocial well-being of each resident or patient including Colene Antley as required by 42 C.F.R. § 483.25 and 42 U.S.C. § 1396(r)(b)(4)(A)(v);

r. By specifically, intentionally, and/or with deliberate indifference failing to ensure that an ongoing program, directed by a qualified professional, of activities designed to meet the interests and the physical, mental, and psychosocial well-being of Colene Antley as required by 42 C.F.R. § 483.25 and 42 U.S.C. § 1396(r)(b)(4)(A)(v);

s. By failing, as a custom and policy, and with intent and/or deliberate indifference to ensure that the personnel responsible for the care of patients were properly certified and/or re-certified as being qualified to perform necessary nursing services as required by 42 U.S.C. § 1396(r)(b)(4)(B);

t. By specifically, intentionally, and/or with deliberate indifference failing to ensure that the personnel responsible for the care of Colene Antley were properly certified and/or re-certified as being qualified to perform necessary nursing services as required by 42 U.S.C. § 1396(r)(b)(4)(B);

9

u. By failing, as a custom and policy, and with intent and/or deliberate indifference to provide sufficient nursing staff to provide nursing and related services that would allow patients or residents, including Colene Antley, to attain or maintain the highest practicable, physical mental, and psychosocial well-being, as required by 42 C.F.R. § 483.30 and 42 U.S.C. § 1396(r0(b)(4)(C);

v. By specifically, intentionally, and/or with deliberate indifference failing to provide sufficient nursing staff to provide nursing and related services that would allow Colene Antley to attain or maintain the highest practicable, physical mental, and psychosocial well-being, as required by 42 C.F.R. § 483.30 and 42 U.S.C. § 1396(r0(b)(4)(C);

w. By failing, as a custom and policy, and with intent and/or deliberate indifference to maintain clinical records on all residents, including Colene Antley, including but not limited to the plans of care and residents' assessments, as required by 42 U.S.C. § 1396(r)(b)(6)(C);

x. By specifically, intentionally, and/or with deliberate indifference failing, as a custom and policy, to maintain clinical records on Colene Antley, including but not limited to her plans of care and residents' assessments, as required by 42 U.S.C. § 1396(r)(b)(6)(C);

y. By failing, as a custom and policy, and with intent and/or deliberate indifference to ensure Lake Moultrie Health & Rehab facility was administered in a manner that enabled it to use its resources effectively and efficiently to allow patients or residents, including Colene Antley, to maintain or attain their highest practicable level of physical, mental, and psychosocial well-being as required by 42 C.F.R. § 483.75, 42 U.S.C. § 1396(r)(d)(A), and 42 U.S.C. § 1396(r)(d)(1)(C);

z. By failing, as a custom and policy, and with intent and/or deliberate indifference to ensure that the administrator of Lake Moultrie Health & Rehab met the standards

10

established under 42 U.S.C. §1396(r)(f)(4) as required by 42 U.S.C. §1396(r)(d)(1)(C);

aa. By failing, as a custom and policy, and with intent and/or deliberate indifference to ensure that the Lake Moultrie Health and Rehab facility was complying with federal, state, local laws, and accepted professional standards which apply to professionals providing services to residents including Colene Antley and in operating such a facility as Lake Moultrie Health & Rehab, as required by 42 U.S.C. § 1396(d)(4)(A);

bb. By failing, as a custom and policy, and with intent and/or deliberate indifference to ensure that Lake Moultrie Health and Rehab's administrator and director of nursing properly monitored and supervised subordinate staff thereby failing to ensure the health and safety of residents or patients including Colene Antley in derogation of 42 C.F.R. § 483.75, 42 U.S.C. § 1396(a)(w).

42. Further evidence of the systemic violations of these rights and that violations of these rights were part of "custom and policy" is evidenced through the numerous violations cited by the Department of Health and Human Services on April 6, 2023, enclosed herein as Exhibit A.

43. Defendants' actions were intentional, willful, and in deliberate disregard for Colene Antley's rights.

44. Defendants knowingly and systematically failed to follow Colene Antley's care plan, including documented fall prevention measures, which caused Colene Antley to suffer multiple, preventable injuries and pain.

45. As a direct and proximate result of Defendants' violations Colene Antley was deprived of clearly established rights under federal law, enforceable under 1983, for which she suffered injuries and damages, and as a result, Plaintiff is entitled to recover the following damages as well as an award of attorneys' fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988:

a. Funeral and estate expenses incurred because of Colene Antley's death;

b. Damages for lost services, assistance, guidance, counseling, companionship and society

   of Colene Antley;

c. Financial support and all pecuniary benefits which would have been received from Colene Antley;

d. The expenses of administration;

e. And other losses and damages permitted by law.

## FOR A SECOND CAUSE OF ACTION
(Deprivation of Civil Rights Enforceable through 42 USC § 1983 – survival)

46. Plaintiff realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

47. At all relevant times, Colene Antley was entitled to federal statutory rights under the FNHRA.

48. As a direct and proximate result of Defendants' actionable and intentional derogation of its regulatory and statutory responsibilities as above-described in the FNHRA, Colene Antley was injured as previously referenced and suffered pain, distress, and death as a result of the intentional poor care and treatment given to Colene Antley allowing her to develop the conditions as referenced herein. As such, Plaintiff has suffered, and is entitled to recover the following damages, as well as an award of reasonable counsel fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988:

a. Pain, suffering, inconvenience, anxiety, and nervousness of Colene Antley until the time of her death;

b. Hospital, medical, surgical, and nursing expenses incurred on Colene Antley's behalf; and

c. Other losses and damages permitted by law.

WHEREFORE, Plaintiff, individually and on behalf of the Estate of Colene Antley, demands actual, compensatory, consequential and punitive damages from Defendants, jointly and severally, plus interest, costs of litigation, and attorneys fees to the extent permitted under law as well as any other relief to which Plaintiff may be entitled.

Respectfully Submitted:

By:    *s/ Ryan Sigal*
Ryan Sigal (Federal ID No. 12661)
Amy E. McLaren (Federal ID No.: 12836)
Miller, Dawson, Sigal & Ward, LLC
4969 Centre Pointe Drive, Ste. 103B
North Charleston, SC 29418
843-284-7780
sigal@mdswlegal.com
amy@mdswlegal.com

North Charleston, SC                    *Attorneys for Plaintiff*

June 24, 2025